# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| DANIELLE R. BARBARA and JOHN S. BARBARA, III; NOEL D.S. BITNER; ARRIS BRUNET; CHARLES CADRECHA; RAUL DALMAU and LINDE DALMAU; DOROTHY DELOTEUS; RAY DELOTEUS; EXCELAND, LLC; LINDA GARRETT; PHILLIS GARRETT; JOSEPH A. GRUBER and TAEKO GRUBER; PAULINE E. KYSER; BERYL G. LARSEN; AL LEWANDO; MELANIE McMAHON; FREDRICK MIKILL and PAMELA MIKILL; RENE' A. STIEGLER and KINTA C. STIEGLER; ERIC TANZBERGER and ELIZABETH TANZBERGER; PETER THRIFFERLY and JENNETTE THRIFFERLY; JOHN F. VOGT, JR; BEVERLY HUGHES WATTS; BETTY SILLS WORTHINGTON; and JOAN T. YOUNG | § | **PLAINTIFFS** |
| v. | § | Civil Action No. 1:08CV1365-LG-RHW |
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON | § | **DEFENDANTS** |

## <u>ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION</u>

**THIS MATTER IS BEFORE THE COURT** *sua sponte* for the purpose of considering whether this Court has subject matter jurisdiction over this lawsuit. On April 23, 2009, this Court entered an Order [21] requiring the parties to provide briefs to the Court regarding whether diversity jurisdiction exists. Upon reviewing the submissions of the parties, the Court finds that complete diversity of citizenship does not exist, and this lawsuit must be dismissed without prejudice for lack of subject matter jurisdiction.

**DISCUSSION**

28 U.S.C. § 1332 confers federal diversity jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, and the civil action is between citizens of different states. The plaintiffs in this lawsuit are citizens of the following states: Louisiana, Florida, Kentucky, Alabama, Texas, Missouri, Wisconsin, and Mississippi. For jurisdictional purposes, the defendant is considered a citizen of Louisiana, Florida, Kentucky, Alabama, Texas, Missouri, Wisconsin, Michigan, Indiana, California, Illinois, and Delaware in the present lawsuit due to its unincorporated status. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857-58 (5th Cir. 2003)(explaining that liability on a Lloyds policy is borne by the individual and corporate members that belong to the syndicate that subscribes to that policy). Apparently, there is a lack of complete diversity of citizenship.

In its brief, the defendant requests that the Court dismiss all of the non-diverse plaintiffs as dispensable parties in order to create diversity jurisdiction, pursuant to Fed. R. Civ. P. 21. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989) (allowing the dismissal of non-diverse, dispensable defendants to create diversity jurisdiction). Rule 21 permits the dismissal of parties that are misjoined. *See* Fed. R. Civ. P. 21. However, the defendant has not provided any argument or analysis to the Court regarding how the non-diverse plaintiffs are dispensable or have been misjoined.

The Amended Complaint alleges that each of the plaintiffs owned units in a condominium complex that was completely destroyed by Hurricane Katrina. (Am. Compl. at 3-8). The plaintiffs contend that they are third party beneficiaries of the insurance policy issued by the defendant to the Homeowners Association that owned the complex, and they are seeking

damages from the defendant arising out the denial of the Association's claim for insurance coverage. (*Id.* at 7, 10). Each of the plaintiffs seek payment for loss of use of their condominiums and other damages. (*Id.* at 17). Therefore, the Court finds that the plaintiffs' claims arose out of the same transaction and occurrence, and there are questions of law and fact common to all of the plaintiffs, including whether the plaintiffs are third party beneficiaries of the insurance policy. *See* Fed. R. Civ. P. 20. Furthermore, it appears that the citizenship of only four of the plaintiffs are diverse from the defendant. Dismissal of the twenty-six non-diverse plaintiffs would potentially result in conflicting decisions and a waste of judicial resources. As a result, dismissal of the non-diverse plaintiffs would be improper. This lawsuit must be dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED AND ADJUDGED** that this lawsuit is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**SO ORDERED AND ADJUDGED** this the 16th day of June, 2009.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE